IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ROBERT D. MAWHINEY,** | ) | **CASE NO. 8:05CV466** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **WARREN DISTRIBUTION, INC., ROBERT SCHLOTT, CHARLES DOWNEY, JEROME PIVOVAR JR., MICHAEL JUHLIN, CRYSTAL ANDERSON, and HELEN ADAMSON,** | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the court on the defendants' Motion to Dismiss (Filing No. 12), and plaintiff's Motion to Deny Defendant's Motion to Dismiss (Filing No. 14). Defendants challenge plaintiff's service of process on all defendants and request that this court dismiss his case without prejudice for failure to effect service of process. Because defendants have raised valid challenges to plaintiff's service of process, the plaintiff will be required to effect service of process on defendants in compliance with state law and Fed. R. Civ. P. 4.

  The court will give plaintiff until April 18, 2006, to effect service of process on defendants. The plaintiff can effect service of process in compliance with state law and Fed. R. Civ. P. 4 using any of the following methods:

  (1) If plaintiff qualifies to proceed in forma pauperis (IFP), plaintiff may move the court to allow him to proceed IFP and the U.S. Marshal shall effect service of process on plaintiff's behalf.

  (2) Plaintiff may obtain a waiver of service of process from any of the defendants. The plaintiff can request a waiver form free of cost from the Clerk of Court. The plaintiff may send the waiver to each party at a variety of addresses where plaintiff is aware the defendants are located. If plaintiff sends the waiver to an appropriate address and a defendant does not accept the waiver, the defendant shall be responsible for costs subsequently incurred

    in effecting service of process, and the court will issue an Order accordingly.

(3) Plaintiff may hire a process server or any individual who is not a party in the matter and is older than 18 years of age to serve defendants individually by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house with some person of suitable age and discretion then residing therein. The process server or individual hired by plaintiff may also deliver a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

(4) The plaintiff may serve any party, or an agent authorized by appointment or by law to receive service of process, by certified mail.

(5) The plaintiff may serve the defendant corporation by hiring a process server or any individual who is not a party in the matter and is older than 18 years of age to deliver a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

While plaintiff has an obligation to comply with state law and Fed. R. Civ. P. 4 when effecting service of process, defendants have a duty not to evade service of process. If plaintiff attempts service of process using any or all of the foregoing methods and is still unable to effect service of process by April 18, 2006, plaintiff may file an affidavit with the court describing his efforts to effect service of process, and may move for leave to serve by publication.

IT IS ORDERED:

1. Defendants' Motion to Dismiss (Filing No. 12) is denied;

2. Plaintiff shall effect service of process in accordance with state law and Fed. R. Civ. P. 4 on or before April 18, 2006, or the Defendants' Motion to Dismiss may be renewed; and

3. Plaintiff's Motion to Deny Defendant's Motion to Dismiss (Filing No. 14) is denied as moot.

DATED this 3rd day of March, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge