IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ROBERT D. MAWHINEY,** | ) | **CASE NO. 8:05CV466** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| **WARREN DISTRIBUTION, INC.,** | ) | |
| **ROBERT SCHLOTT, CHARLES** | ) | |
| **DOWNEY, JEROME PIVOVAR JR.,** | ) | |
| **MICHAEL JUHLIN, CRYSTAL** | ) | |
| **ANDERSON, and HELEN ADAMSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on defendant's Motion to Dismiss Claims Against Individual Defendants (Filing No. 27), and plaintiff's Motion to Dismiss Individual Defendants (Filing No. 29).

Both parties request that the court dismiss the claims brought against the individual defendants. Indeed, the Eighth Circuit Court of Appeals has ruled that individual supervisors, co-workers and other employees cannot be held liable under Title VII in their individual capacities. *See, e.g.*, *Bonomolo-Hagen v. Clay Central-Everly Community School Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (Our Court quite recently has squarely held that supervisors may not be held individually liable under Title VII). Accord *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997). *See also Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103,1111 (8th Cir. 1998) Therefore, the court will grant the motions.

IT IS ORDERED:

1. Defendant's Motion to Dismiss Claims Against Individual Defendants (Filing No. 27) is granted; and

2. Plaintiff's Motion to Dismiss Individual Defendants (Filing No. 29) is granted.

DATED this 1st day of May, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge