IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT D. MAWHINEY, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 8:05CV466 |
| | ) | |
| v. | ) | |
| | ) | |
| WARREN DISTRIBUTION, INC., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff's motion to extend time (Filing No. 43), and defendant's brief in opposition to plaintiff's motion (Filing No. 44). Plaintiff's motion asks this court to delay his case for ninety days in order to monitor defendant's excessive requests for documentation. Plaintiff also asks this court to transfer his case to a simpler venue. Defendant argues that it has attempted to accommodate plaintiff and has only requested material permitted under the Federal Rules. Plaintiff's motion is granted in part and denied in part as discussed below.

Pursuant to Fed. R. Civ. P. 26 defendant is permitted to engage in discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . ." Specifically Fed. R. Civ. P. 34 allows defendant to request that a party produce and permit the plaintiff to inspect a copy of relevant documents, after the requesting party has given every other party to the action reasonable notice in writing. The party upon whom the request is served is then given 30 days after service of the request to respond in writing. Plaintiff states that the requests for documents and discovery are excessively broad but fails to specify how defendant has abused its right to request discovery pursuant

to Rule 26. Without more detail the court cannot respond to plaintiff's challenges to defendant's discovery requests.

Furthermore, in plaintiff's motion he appears to be asking the court to compel defendant to produce certain documents. Plaintiff states that he would like to review records from his personnel file, the December memo from his supervisor, plaintiff's reply to the memo, court documents from a worker's compensation case, and internal complaints plaintiff made to defendant. Plaintiff is permitted to request that defendant produce these documents pursuant to Fed. R. Civ. P. 34. But the court will not independently monitor the parties requests for discovery. Plaintiff must seek discovery through the normal course, involving the court only if defendant either requests documents which are not permitted by the Rules or fails to produce requested documents.

Plaintiff also asks that the court transfer his case to a simpler venue. If defendant is located in Nebraska there may be no other venue that can hear this case. Furthermore, statute of limitations may be an issue if plaintiff chooses to move this case to state court.[1]

The court will, however, grant plaintiff's request for an extension of time for the sole purpose of giving plaintiff additional time to respond to defendant's discovery requests. In pro se cases extensions of time are freely granted for either party, therefore, the plaintiff will have an additional 60 days to respond to defendant's Interrogatories and Document Requests.

---

[1]It is of note that at times when a plaintiff initiates an action pro se the plaintiff decides to retain an attorney during the proceedings to deal with issues that arise during the course of discovery.

2

**IT IS ORDERED:**

1. That the plaintiff's Motion to Extend Time to Delay Proceedings for Ninety Days and Monitor Excessive Requests By Defendant (Filing No. 43) is granted in part and denied in part.

2. Plaintiff shall have an additional sixty days to respond to defendant's Interrogatories and Document Requests.

DATED this 23rd day of August, 2006.

                              BY THE COURT:

                              s/ F.A. Gossett
                              United States Magistrate Judge