IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ROBERT D. MAWHINEY,** | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 8:05CV466 |
| | ) | |
| v. | ) | |
| | ) | |
| **WARREN DISTRIBUTION, INC.,** | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's Motion to Amend Answer to Complaint (Filing No. 63), and plaintiff's Motion to Resist Defendant's Motion to Amend Answer. (Filing No. 66).

A party's right to amend its pleadings is governed by Rule 15(a), which states that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has interpreted this to mean that "absent a good reason for denial-such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment-leave to amend should be granted." *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir.1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In its motion defendant requests leave to amend its answer to include an additional affirmative defense. Defendant argues that it did not unduly delay in bringing this defense, as the possibility that the defense might apply was discovered during the deposition of plaintiff on November 21, 2006. Defendant further argues that plaintiff will not be prejudiced by the amendment as the new defense arises from the same set of facts as

1

those set forth in the original answer and defendant is bringing this motion to amend early in the proceedings.  Plaintiff challenges the motion asking defendant to explain how the plaintiff's deposition changed the original answer and arguing that "why would defendant's counsel request this change other than to create a prejudice to the plaintiff?"

The court concludes that defendant is not motivated by bad faith in bringing this motion to amend.  Furthermore, because the new defense arises out of the same set of facts as the original answer, and because it is early in the proceedings, the court concludes that plaintiff will not be prejudiced by this amendment.  Therefore, the defendant's motion is granted.  While plaintiff is suspect of the defendant's motives, it appears defendant's motivation is simply to protect itself from a potential harassment claim should the plaintiff choose to assert one.

THEREFORE IT IS ORDERED:

1.  Defendant's Motion to Amend Answer to Complaint (Filing No. 63) is granted, and the proposed Answer attached to Filing No. 63 will be deemed the defendant's Amended Answer.

2. Plaintiff's Motion to Resist Defendant's Motion to Amend Answer (Filing No. 66) is denied.

DATED this 18th day of December, 2006.

                BY THE COURT:

                s/ F.A. Gossett
                United States Magistrate Judge