IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT D. MAWHINEY, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 8:05CV466 |
| | ) | |
| v. | ) | |
| | ) | |
| WARREN DISTRIBUTION, INC., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the plaintiff, Robert D. Mawhiney's, Motion to Amend Complaint. (Filing No. 69).

In his motion, plaintiff seeks to amend his complaint to "initiate an additional claim of Civil Rights violation against the Defendant for the deliberate attempt to obstruct the Plaintiff's right to file a Workers Compensation claim." In the form of additional relief, plaintiff seeks "full restitution of lost Workers Compensation benefits that were denied by defendant along with appropriate penalties for deliberate obstruction of justice." The defendant, Warren Distribution, Inc., filed a brief opposing the motion to amend arguing that amendment of the complaint would be futile as the claim is barred by res judicata, *Rooker-Feldman*, and Worker's Compensation exclusivity. The court has carefully reviewed the pleadings, the briefs, and the evidentiary materials filed by the parties. For the reasons explained below, the court finds and concludes that plaintiff's motion to amend is denied.

## FACTUAL BACKGROUND

On October 4, 2005, plaintiff filed a complaint against defendant alleging that defendant retaliated against him for making a Worker's Compensation Claim; retaliated against him for making internal complaints; discriminated against him based on his age, race, and disability; and "loot[ed]" his "Gainsharing" plan. In plaintiff's Motion to Amend his Original Complaint, defendant attempts to include the additional allegation that defendant violated his Civil Rights by deliberating attempting to obstruct plaintiff's right to file a Workers Compensation claim. Furthermore, plaintiff alleges that employees of defendant acted improperly before and during the Worker's Compensation hearing. Plaintiff raised this same issue in a case before the United States District Court for the Southern District of Iowa. (Filing No. 71-3). In an Order issued in that case dated November 29, 2006, the court described the crux of Mawhiney's claim "to be that the Defendant, Warren and Iowa Division of Worker's Compensation, deprived him 'of his civil rights by denying unobstructed pursuit of a legitimate [w]orkers['] [c]ompensation claim.'" (Filing No. 71-3).

In that same Order, the Iowa District Court dismissed the claim against defendant based on lack of subject matter jurisdiction. The Iowa court determined that the complaint failed to establish federal question jurisdiction. Specifically, the court held that "there is no federal civil right to seek workers' compensation; rather, an individual's right to seek workers' compensation is a statutory right granted by the state." (Filing No. 71-3 at 7). Moreover, the Iowa Court concluded that the relief sought for plaintiff's allegations challenging the fairness of the Worker's Compensation proceedings was afforded through the procedures provided in the Iowa Administrative Procedures Act (APA). The APA states

2

in relevant part that the court shall reverse, modify, or grant other appropriate relief from agency action if the court determines that the agency action was:

> (d) Based upon a procedure or decision-making undertaken by persons prohibited by law or taken without following the prescribed procedure or decision-making process.
>
> (e) The product of decision making undertaken by persons who were improperly constituted as a decision-making body, were motivated by an improper purpose, or were subject to disqualification.
>
> (f) Based upon determination of fact clearly vested by provision of law in the discretion of the agency that is not supported by substantial evidence in the record before the court when that record is viewed as a whole.

Iowa Code § 17A.19(1)(d), (e), (f) (2005). Noting that the claims seem to arise out of these subsections, and the APA states that, unless otherwise provided, it is the exclusive means for seeking judicial review, the court concluded that a person aggrieved by a Workers' Compensation Commissioner must seek review by filing a petition in the state district court. Iowa Code §§ 17A.19(1)-(2), 86.26. Therefore, the court dismissed plaintiff's case for lack of subject matter jurisdiction.

## DISCUSSION

*A.  Standard of Review*

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." *Becker v. Univ. of*

3

*Neb. at Omaha*, 191 F.3d 904, 907-08 (8th Cir. 1999) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)).

  B. *Futility*

The Eighth Circuit has held that " 'futility constitutes a valid reason for the denial of a motion to amend.' " *In re K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 889 (8th Cir. 2002) (quoting *Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999)); see also *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) ("Leave to amend should be denied if the proposed amended pleading would be futile." ). Thus, a court may deny a motion for leave to amend for futility if the proposed amendments would not save the party's claim from dismissal. See *Mississippi River Revival, Inc. v. City of Minneapolis, Minn.*, 319 F.3d 1013, 1018 (8th Cir. 2003) (finding court did not abuse discretion in denying motion to amend where "the proposed amended claims as pleaded would be futile" ).

Defendant argues that the court should deny the motion to amend because the proposed additional claim would be futile as the claim is barred by Res Judicata, *Rooker-Feldman*, and Worker's Compensation Exclusivity.

The court agrees that the proposed amended claim would be futile. A District Court in Iowa has already determined that this claim does not present a federal questionbecause there is not civil right to seek workers'compensation. Furthermore, the relief plaintiff is seeking is essentially the reversal of the decision by the Iowa Division of Worker's Compensation. As defendant argues, this court is precluded from granting such relief by the *Rooker-Feldman* doctrine. *See Lemonds v. St. Louis County*, 222 F.3d 488, 492-95 (8th Cir. 2000) (*Rooker-Feldman* doctrine forecloses indirect attempts to undermine state

4

court decisions; federal constitutional claim is "inextricably intertwined" with state court judgment if federal claim succeeds only to extent state court wrongly decided issue before it). Indeed, plaintiff's proper recourse for challenging the worker's compensation decision or the alleged improper actions of the Worker's Compensation Hearing Officer or Warren employees is in the Iowa State Courts. *See* Iowa Code §§ 85.20, 85.20(2); Iowa Code § 17A.19(1)(d), (e), (f).

In his responsive brief, plaintiff states that he did not pursue relief through the state courts because he believed that the true issue was the deprivation of his civil rights due to the improper behavior of Warren employees and the Deputy Commissioner who oversaw the hearing, and because plaintiff felt that the Iowa State Courts would be prejudicial towards plaintiff. Unfortunately, these are not legally valid reasons for failing to pursue his claims in the proper court. While plaintiff may have believed he had a federal civil rights claim, he did not. Moreover, as the Iowa District Court aptly stated at the end of its opinion dismissing plaintiff's claim: "It is unfortunate that Mawhiney believes that state courts are so biased in favor of employers that he feels Warren would have an unfair advantage in a state court proceeding. . . . However, Mawhiney's speculation is just that, and is insufficient to establish subject matter jurisdiction in federal court." (Filing No. 71-3).

## CONCLUSION

Therefore, because this court lacks the subject matter jurisdiction to consider plaintiff's claim, the claim is futile and the motion to amend complaint is denied.

**IT IS ORDERED:**

1. That plaintiff's Motion to Amend (Filing No. 69) is denied as futile;

2. The Clerk of Court is directed to send a copy of this memorandum and Order to plaintiff at his last-known address.

DATED this 22nd day of January, 2007.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge