IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT D. MAWHINEY, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 8:05CV466 |
| | ) | |
| v. | ) | |
| | ) | |
| WARREN DISTRIBUTION, INC., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff's Motion for Subpoena (Filing No. 73), and defendant's Objection to Plaintiff's Motion for Subpoena. (Filing No. 75).

## BACKGROUND

Plaintiff has asserted claims for Age Discrimination, Racial Discrimination, Disability Discrimination, Retaliation for Worker's Compensation Claim, and Retaliation for Internal Complaints.

On or about January 12, 2007, plaintiff gave notice of its intent to serve a third-party subpoena on Chubb Insurance requesting "all records and documents in the possession of Chubb Insurance pertaining specifically to Iowa Workers Compensation Case - File Number 5002974." On January 22, 2007, defendant filed an objection to plaintiff's request arguing that the request seeks the work product of Chubb Insurance concerning the defense of the claim, as well as the work product of counsel hired to defend Warren and Chubb against Plaintiff's claim. Further, Warren objects to the subpoena because it fails to identify the documents it seeks with reasonable particularity. Warren asks that the court limit the subpoena to non-privileged documents and require plaintiff to identify with particularity the documents he seeks.

## LEGAL ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure, governing the scope of discovery, provides:

> In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

Discovery rules are to be "broadly and liberally construed" in order to serve the purpose of discovery, which is to provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement. *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 145 F.R.D. 92, 94 (S.D. Iowa 1992).

In general, "[a] motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995); *see also Hunt Int'l Resources Corp. v. Binstein*, 98 F.R.D. 689 (N.D. Ill. 1983); *Minnesota Sch. Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627 (D. Minn. 1999).

As an initial matter, the court finds that Warren does not have standing to object to the production of Chubb's privileged documents or the lack of the subpoena's specificity. With respect to defendant's objection that the subpoena would seek defendant's privileged documents, Warren merely provides a blanket objection to documents that may involve attorney client privilege or work product. Before the court can order that any documents

be withheld from the scope of the subpoena based on Warren's assertion of privilege, it will be necessary for defendant to inform the court with specificity what documents it wishes to withhold from defendant. Defendant shall do this within thirty days of this Order in the form contemplated by Fed. R. Civ. P. Rule 26(b)(5).

After defendant files with this court the list of documents it claims contain privileged material, the court will instruct plaintiff on how to proceed with the process of serving the subpoena.

**IT IS ORDERED:**

1. That by March 7, 2007 defendant shall file with the court a list of the documents in the Chubb Insurance file it claims are privileged and should be withheld from the plaintiff;

2. Upon receipt of the list, the court will further instruct plaintiff on how to proceed with serving his subpoena;

3. The Clerk of Court is directed to send a copy of this Order to plaintiff at his last known address.

DATED this 7th day of February, 2007.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge