## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT D. MAWHINEY, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 8:05CV466 |
| | ) | |
| v. | ) | |
| | ) | |
| WARREN DISTRIBUTION, INC., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the plaintiff's Motion for Subpoena (Filing No. 73), and the defendant's Objection to the plaintiff's Motion for Subpoena (Filing No. 75).

On January 12, 2007, the plaintiff gave notice of his intent to serve a third-party subpoena on Chubb Insurance requesting "all records and documents in the possession of Chubb Insurance pertaining specifically to Iowa Workers Compensation Case - File Number 5002974." The defendant objected to the subpoena claiming it sought privileged documents. This court entered an Order finding that the defendant did not have standing to object to the production of Chubb's privileged documents, and that with respect to the defendant's privileged documents, it would be necessary for defendant to inform the court with specificity what documents it wishes to withhold from plaintiff. On March 7, 2007, the defendant filed with the court a privilege log identifying what documents it wished to withhold on the basis of privilege and the privilege asserted. Based on the filing of this document, and the fact that defendant's objection may have merit,

**IT IS ORDERED** that plaintiff's motion for subpoena (Filing No. 73) is granted and defendant's objection to plaintiff's motion (Filing No. 75) is denied as follows:

1.  That the plaintiff may subpoena Chubb Insurance without prejudice as to defendant's right to move to quash the subpoena as to the documents identified in defendant's privilege log;

2.  The Clerk of Court shall issue the plaintiff a signed blank subpoena, which the plaintiff shall complete before service;

3.  The plaintiff shall review Fed. R. Civ. P. 45, which is attached to this Order, and follow Rule 45 with regards to completion of the subpoena and service of process.

4.  The Clerk of Court is directed to send a copy of this Order to plaintiff at his last known address.

DATED this 15th day of March, 2007.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge

# Federal Rules of Civil Procedure Rule 45

Rule 45. Subpoena

    (a)      Form; Issuance.

            (1)      Every subpoena shall

                        (A)      state the name of the court from which it is issued; and

                        (B)      state the title of the action, the name of the court in which it is pending, and its civil action number; and

                        (C)      command each person to whom it is directed to attend and give testimony or to produce and permit inspection, copying, testing, or sampling of designated books, documents, electronically stored information, or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place therein specified; and

                        (D)      set forth the text of subdivisions (c) and (d) of this rule.

A command to produce evidence or to permit inspection, copying, testing, or sampling may be joined with a command to appear at trial or hearing or at deposition, or may be issued separately.  A subpoena may specify the form or forms in which electronically stored information is to be produced.

            (2)      A subpoena must issue as follows:

                        (A)      for attendance at a trial or hearing, from the court for the district where the trial or hearing is to be held;

                        (B)      for attendance at a deposition, from the court for the district where the deposition is to be taken, stating the method for recording the testimony; and

                        (C)      for production, inspection, copying, testing, or sampling, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

(3)     The clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service.  An attorney as officer of the court may also issue and sign a subpoena on behalf of

(A)     a court in which the attorney is authorized to practice; or

(B)     a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice.

(b)     Service.

(1)     A subpoena may be served by any person who is not a party and is not less than 18 years of age.  Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law.  When the subpoena is issued on behalf of the United States or an officer or agency thereof, fees and mileage need not be tendered.  Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b).

(2)     Subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of this rule, a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, inspection, copying, testing, or sampling specified in the subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition, hearing, trial, production, inspection, copying, testing, or sampling specified in the subpoena.  When a statute of the United States provides therefor, the court upon proper application and cause shown may authorize the service of a subpoena at any other place. A subpoena directed to a witness in a foreign country who is a national or resident of the United States shall issue under the circumstances and in the manner and be served as provided in Title 28, U. S. C. § 1783.

(3)     Proof of service when necessary shall be made by filing with the clerk of the court by which the subpoena is issued a statement of

4

the date and manner of service and of the names of the persons served, certified by the person who made the service.

(c)     Protection of Persons Subject to Subpoenas.

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling.  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)     fails to allow reasonable time for compliance;

5

     (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

     (iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies; or

     (iv)   subjects a person to undue burden.

  (B)   If a subpoena

     (I)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

     (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

     (iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   Duties in Responding to Subpoena.

  (1)  (A)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

7

(e)     Contempt.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).